UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TIMOTHY S., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 20-CV-0315-CVE-CDL |
| ) | |
| KILOLO KIJAKAZI, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Now before the Court is the report and recommendation (Dkt. # 21) of the magistrate judge recommending that the Court reverse the Commissioner's decision and remand the case for further administrative proceedings. Defendant filed an objection (Dkt. # 22 to the report and recommendation. The magistrate judge summarized the medical evidence in the administrative record and the administrative law judge's (ALJ) decision, and noted that plaintiff submitted a substantial amount of new evidence to the Appeals Council following the ALJ's adverse decision. Dkt. # 21, at 12. The Appeals Council declined to consider the new evidence as a basis to reverse the ALJ's decision, and the Appeals Council found no reason to review the ALJ's decision to deny plaintiff's claim for disability benefits. Dkt. # 11-2, at 2-3. The magistrate judge found that there is a reasonable probability that the new evidence would have affected the ALJ's findings as to plaintiff's residual functional capacity (RFC) and recommends that the Court remand the case for further administrative proceedings. Defendant objects on the ground that the magistrate judge applied the wrong legal standard to determine whether the Appeals Council should have considered the new evidence and erroneously determined that the new evidence would likely have affected the

ALJ's decision. Dkt. # 23. Plaintiff has not filed a response to defendant's objection and the deadline to file a response has expired.

On July 18, 2017, plaintiff filed an application for disability benefits and he alleged a date of onset of disability of June 2, 2015. Dkt. # 11-10, at 2, 5. Plaintiff claimed that he suffered from depression, anxiety, bipolar disorder, torn rotator cuff, stroke/cerebrovascular accident, hypertension, high cholesterol, and chronic obstructive pulmonary disease (COPD). Plaintiff's application was denied initially and on reconsideration, and he requested a hearing before an ALJ.

The ALJ held a hearing and subsequently issued a written decision denying plaintiff's claim for disability benefits. The ALJ found that plaintiff had not engaged in substantial gainful activity since the alleged date of onset of disability, and he had the severe impairments of bipolar disorder and degenerative disc disease of the cervical and lumbar spine. Dkt. # 11-2, at 17. The impairments did not meet or medically equal a listing at step three of the analysis. The ALJ found that plaintiff had the RFC:

> to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) with the following limitations. The claimant should avoid climbing ropes, ladders, or scaffolds. The claimant can occasionally climb ramps and stairs, stoop, crouch, crawl, kneel, and balance on uneven, moving, or narrow surfaces. The claimant should avoid overhead reaching bilaterally. The claimant can understand, remember, and carry out simple tasks with simple instructions in a routine work setting. The claimant's work should involve few, if any, changes in work processes. The claimant can have occasional interaction with coworkers, supervisors, and the general public. The claimant's job should involve no production rate work or strict production quotas.

Id. at 19. The ALJ considered plaintiff's subjective complaints that he could not walk for more than 20 minutes and that he allegedly needed a cane or walker, as well as his complaints that he could not work well with others and he experienced anxiety attacks. Id. at 20. However, the ALJ determined from a review of the objective medical evidence that plaintiff had normal gait and balance, and by

July 2018 he was no longer complaining of back pain, neck pain, or problems with his gait. Id. Plaintiff's primary care physician treated plaintiff for his subjective complaints of bipolar disorder and anxiety, but plaintiff's mental condition improved with medication and was listed as stable by February 2019. Id. at 21. Based on plaintiff's RFC, he could not perform his past relevant work as a drill press operator, but there were sufficient jobs available in the national economy that plaintiff could perform with his RFC. Id. at 22-23. Therefore, the ALJ denied plaintiff's application for disability benefits at step five of the analysis.

Plaintiff asked the Appeals Council to review the ALJ's decision and he submitted new evidence for the consideration of the Appeals Council. Dkt. # 11-2, at 2. The new evidence consisted of nearly 1,200 pages of treatment records of Hillcrest Medical Center dating from April to June 2019. Id. at 3. The Appeals Council found no basis to review the ALJ's decision and declined to consider the new evidence. Id. at 3. Plaintiff filed this case seeking judicial review of the denial of his claim for disability benefits, and the matter was referred to a magistrate judge for a report and recommendation. The magistrate judge recommends that the Court remand the case for further administrative proceedings due to the Appeals Council's failure to consider the new evidence submitted by plaintiff.

Without consent of the parties, the Court may refer any pretrial matter dispositive of a claim to a magistrate judge for a report and recommendation. However, the parties may object to the magistrate judge's recommendation within 14 days of service of the recommendation. Schrader v. Fred A. Ray, M.D., P.C., 296 F.3d 968, 975 (10th Cir. 2002); Vega v. Suthers, 195 F.3d 573, 579 (10th Cir. 1999). The Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. §

636(b)(1). The Court may accept, reject, or modify the report and recommendation of the magistrate judge in whole or in part. Fed. R. Civ. P. 72(b).

Defendant objects to the report and recommendation on the ground that the magistrate judge applied "the incorrect legal standard" to determine if the Appeals Council should have considered the new evidence submitted by plaintiff. Dkt. # 22. The Appeals Council is bound to consider evidence submitted as part of a request for review if the additional evidence is "new, material, and relates to the period on or before the date of the [ALJ's] hearing decision;" if there is a "reasonable probability that the additional evidence would change the outcome of the decision;" and if the claimant shows "good cause" for not submitting the evidence at an earlier date. 20 C.F.R. §§ 404.970(a)(5)-(b), 416.1470(a)(5)-(b). Evidence is new "if it is not duplicative or cumulative," and it is material "if there is a reasonable possibility that it would have changed the outcome." Threet v. Barnhart, 353 F.3d 1185, 1191 (10th Cir. 2003) (quotations and alterations omitted). Whether evidence qualifies for consideration by the Appeals Council is a question of law subject to de novo review. Krauser v. Astrue, 638 F.3d 1324, 1328 (10th Cir. 2011).

Defendant does not argue that plaintiff failed to establish good cause for failing to submit the evidence to ALJ in the first instance or that the evidence is new, and the focus of defendant's argument is that the evidence is not material. Dkt. # 22. In this case, the hearing before the ALJ took place on April 11, 2019 and plaintiff was hospitalized on that date, and the evidence submitted to the Appeals Council concerns plaintiff's hospitalization and subsequent treatment. This establishes good cause for plaintiff's failure to submit the evidence to the ALJ before the hearing, and this also shows that the evidence is "new" and not duplicative of other evidence in the

4

administrative record. Therefore, the Court will focus its review of defendant's objection on the issue of materiality.

The new evidence submitted by plaintiff shows that he was admitted to Hillcrest Medical Center on April 1, 2019 and was diagnosed with pneumonia, acute kidney injury, and bipolar disorder. Dkt. # 11-5, at 4, 152-53, 186. Plaintiff developed a hematoma on his right thigh while he was hospitalized with pneumonia, and he was referred for physical therapy due to limited mobility, balance issues, and difficulty with his gait. Dkt. # 11-7, at 4-5, 19. By April 25, 2019, he was able to walk a greater distance, but he became unsteady the farther he walked and he needed to take precautions to avoid falling. Id. at 59. On June 10, 2019, plaintiff reported to the emergency room with complaints of pain to his right lower extremity, and he was diagnosed with a right thigh edema with pain and drainage. Dkt. # 11-3, at 3-4. The medical records also show that plaintiff was diagnosed with sepsis, most likely a secondary infection to the edema or abscess. Id. at 18. Plaintiff was admitted for inpatient treatment and discharged on June 21, 2019. During an occupational therapy evaluation, plaintiff reported that he used a walker or cane to get around his house, and he had ramps and bilateral rails installed throughout his house. Id. at 91. The examiner concluded that plaintiff presented a high risk for falls, and plaintiff reported that he could no longer drive due to a risk of seizures. Id.

Defendant argues that the new evidence is limited in time and scope, and the evidence does not show that plaintiff had a sustained disability lasting more than 12 months as required by Social Security regulations. Dkt. # 22, at 5. Defendant asserts that the ALJ's findings concerning plaintiff's long-term respiratory function or mobility would not be affected by the new evidence, and the ALJ's determination of plaintiff's status as not disabled is supported by substantial evidence even

if the new evidence is considered. Id. at 4. The Court finds that there is a reasonably probability that the new evidence would have affected the outcome of plaintiff's application for disability benefits, and the case should be remanded to allow the ALJ to consider plaintiff's application in light of the new evidence. The evidence relating to plaintiff's April and June 2019 hospital stays show that he had serious issues related to mobility, gait, and balance, and these matters pertain directly to the RFC formulated by the ALJ to determine if plaintiff could perform jobs available in the national economy. For example, the ALJ found that plaintiff could "occasionally climb ramps and stairs, stoop, crouch, kneel, and balance on uneven, moving, or narrow surfaces." The new evidence raises a reasonable probability that the ALJ would reach a different conclusion as to plaintiff's ability to perform these activities. Defendant argues that the new evidence relates only to a limited period and the ALJ's long-term findings would be unaffected by the new evidence. This argument is based on a narrow view of the new evidence provided by plaintiff, and the evidence strongly suggests that plaintiff would need continued physical or occupational therapy after he was discharged from the hospital in July 2019. It should be left for the ALJ in the first instance to make factual findings concerning the impact of the new evidence on the RFC stated in the ALJ's written decision, and this case is remanded for further administrative proceedings for consideration of the new evidence produced by plaintiff to the Appeals Council.

**IT IS THEREFORE ORDERED** that defendant's objection (Dkt. # 22) to the report and recommendation is **denied**. The report and recommendation (Dkt. # 22) is **accepted,** and this case is **reversed and remanded** for further administrative proceedings. A separate judgment is entered herewith.

**DATED** this 3rd day of September, 2021.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE