UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TIMOTHY S., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 20-CV-0315-CVE-CDL |
| ) | |
| KILOLO KIJAKAZI, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Now before the Court is Plaintiff's Motion for Award of Attorney Fees pursuant to the Equal Access to Justice Act (Dkt. # 25). Plaintiff requests $7,690.80 in attorney fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (EAJA). Dkt. # 25, at 2. Defendant filed a response in opposition to plaintiff's motion for EAJA fees (Dkt. # 26) arguing that his position was substantially justified, or he asks the Court to reduce the award of attorney fees to a reasonable amount.

On July 1, 2020, plaintiff filed this case seeking judicial review of the decision of the Commissioner of Social Security Administration (SSA) denying his claim for disability benefits. Dkt. # 2. The matter was referred to a magistrate judge for a report and recommendation, and the magistrate judge recommended that the Court reverse and remand the Commissioner's decision for further administrative proceedings. Dkt. # 21. The magistrate judge found that plaintiff produced a substantial amount of new and probative evidence to the Appeals Council, and the administrative law judge should have been required to reassess her findings in light of the new evidence. Id. at 14. Defendant objected to the report and recommendation. Dkt. # 22. The Court accepted the magistrate judge's report and recommendation, and reversed and remanded the case for further

administrative proceedings. Dkt. ## 23, 24. The Court found that the Appeals Council took a narrow view of the new evidence, and the ALJ should be permitted in the first instance to determine if the new evidence impacted plaintiff's residual functional capacity (RFC). Dkt. # 23, at, 6.

Plaintiff has filed a motion seeking attorney fees under the EAJA. Under the EAJA, "a fee award is required if: (1) plaintiff is a 'prevailing party'; (2) the position of the United States was not 'substantially justified'; and (3) there are no special circumstances that make an award of fees unjust." Hackett v. Barnhart, 475 F.3d 1166, 1172 (10th Cir. 2007). Defendant does not dispute that plaintiff is a prevailing party and does not assert that there are any special circumstances that would make an award of fees unjust in this case. Dkt. # 26. The only dispute here is whether defendant's position was substantially justified. Id. Defendant bears the burden of showing that his position was substantially justified by proving that his case "had a reasonable basis in law and in fact." Hadden v. Bowen, 851 F.2d 1266, 1267 (10th Cir. 1988); see also Hackett, 475 F.3d at 1172. In other words, defendant must show his position was "justified to a degree that could satisfy a reasonable person." Pierce v. Underwood, 487 U.S. 552, 565 (1988). Defendant's "position can be justified even though it is not correct." Id. at 566 n.2.

Defendant argues that the new evidence submitted by plaintiff to the Appeals Council was not likely to show that plaintiff had an impairment lasting for a sufficient length of time, and defendant's position was substantially justified, even if ultimately incorrect. Dkt. # 26 at 3-5. Defendant does not dispute that the Appeals Council took a "narrow" view of the evidence, but it argues that it was not "unreasonable" to do so. Id. at 6. The law is clear that an ALJ should be permitted to consider new evidence submitted to the Appeals Council if there is a "reasonable probability" that the evidence would have changed the outcome. As set forth by the magistrate

judge and the undersigned, the new evidence pertained to plaintiff's ability to perform certain activities identified as part of plaintiff's RFC, and the evidence was material regardless of the allegedly acute nature of the medical condition causing plaintiff to seek treatment. Defendant also argues that the law concerning review of new evidence by the Appeals Council was unsettled at the time of the Court's decision, because the applicable regulation was amended to include a good cause requirement. Dkt. # 26, at 7. The Court's expressly considered this issue and noted that defendant was not contesting that plaintiff failed to meet the good cause requirement. Dkt. # 23, at 4. Therefore, this issue was not relevant to the Court's ruling and defendant has not shown that the allegedly "unsettled" nature of the law had any effect in this case. Accordingly, the Court finds that defendant's position was not "justified to a degree that could satisfy a reasonable person," and plaintiff should be awarded attorney fees under the EAJA.

Defendant objects to the amount of EAJA fees requested by plaintiff's counsel. Dkt. # 26, at 8-10. Defendant argues that plaintiff's counsel spent an unreasonable amount of time on the case, and plaintiff's counsel has improperly billed for clerical work. Id. at 9. The Court has reviewed the hours and rate submitted by plaintiff's counsel and finds that the amount is reasonable. The administrative record in this case was lengthy and required extensive review by counsel, and plaintiff's counsel spent an appropriate amount of time reviewing the administrative record and drafting an opening brief. Plaintiff's counsel also refrained from seeking attorney fees for certain administrative tasks, and the Court does not find that plaintiff's counsel has improperly sought to recover fees for clerical or administrative tasks. Plaintiff will be awarded attorney fees in the amount of $7,690.80. Further, if plaintiff's counsel is ultimately awarded attorney fees under 42

U.S.C. § 406(b), counsel must refund to plaintiff the smaller of the EAJA award or the § 406(b) award pursuant to Weakley v. Bowen, 803 F.2d 575, 580 (10th Cir. 1986).

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Attorney Fees pursuant to the Equal Access to Justice Act (Dkt. # 23) is **granted**, and plaintiff shall be awarded attorney fees in the amount of $7,690.80.  A separate judgment is entered herewith.

**DATED** this 20th day of January, 2022.

*[signature]*
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE